Olson vs. Olson.

---

OLSON, Respondent, vs. OLSON, Appellant.

*March 5 — March 22, 1898.*

*Divorce: Review on appeal: Counterclaim.*

A judgment of divorce, granted to the plaintiff on the ground of desertion, will not be disturbed on appeal, where it appears that it was for the interest of both parties, although there was considerable evidence tending to show that the defendant was compelled to leave the plaintiff by reason of his cruel treatment, but the answer fails to allege such or any other fact as a counterclaim.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The facts in the case are stated in the opinion.

For the appellant there was a brief by *John A. Oaks*, attorney, and *Alf. T. Johnson* and *Julius E. Roehr*, of counsel, and oral argument by *John A. Oaks.*

For the respondent the cause was submitted on the brief of *Christian Doerfler.*

CASSODAY, C. J.   The plaintiff and defendant were married May 24, 1860, and lived together as husband and wife until September, 1883.   They had four children, each of whom was of age before June 4, 1895.   At that time this action was commenced for a divorce, on the ground that September 1, 1883, the defendant wilfully abandoned and deserted the plaintiff.   The defendant answered by way of admissions, denials, and counter allegations, to the effect that the plaintiff deserted the defendant at the time mentioned, and that for twelve years he had failed to support her.   At the close of the trial, the court found, as matters of fact, the marriage, the ages of the children, and the desertion of the plaintiff by the defendant as stated, and that all the allegations of the complaint were true, and that the plaintiff owned a lot described.   And, as conclusions of law, the court found, in effect, that the plaintiff was entitled to a judgment of absolute divorce from the defendant, and that the defendant be divested of any and all right, title, and interest in and to the lot mentioned, and vested the same in the plaintiff; that the plaintiff pay the defendant, within twenty days, $100, in full of all right, title, and interest which the defendant might have in the plaintiff's property; and ordered judgment accordingly.   From the judgment so entered, the defendant brings this appeal.

With some hesitation we are constrained to affirm this judgment.   There is considerable evidence, however, to the effect that the defendant was compelled to leave the plaintiff by reason of his cruel and inhuman treatment; but the answer fails to allege such fact or any fact as a counterclaim.   The printed case states that the plaintiff had two lots worth $700 each, but the bill of exceptions fails to sustain the statement.   He admits he had one lot worth $475. We would have liked it better if the allowance to the defendant had been larger.   It was for the interest of both parties that the divorce should be granted.   The plaintiff,

Hennesey vs. Chicago & Northwestern R. Co.

however, cannot be allowed any costs, but must pay the defendant's taxable costs in this court.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.